DANIEL ANTONACCHIO, Respondent, *v.* CONSOLIDATED FOREIGN EXCHANGE CORPORATION and JOHN A. POTHOFF, Appellants.

First Department, December 15, 1922.

Contracts — action to recover profits on purchase and sale of Italian lire by defendant for plaintiff — defendant cannot recover amount paid for option.

One who buys a six months' option on 100,000 Italian lire with the understanding that the seller would at any time within the six months sell the lire on the direction of the buyer and remit to him any profit on the transaction, is not entitled to recover, after the sale of the lire at a profit, the amount of money paid for the option.

An agreement to pay a fixed sum on an option presupposes that it was paid as consideration for giving the option.

APPEAL by the defendants, Consolidated Foreign Exchange Corporation and another, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 16th day of March, 1922, affirming a judgment of the Municipal Court of the City

of New York, Borough of Manhattan, Eighth District, in favor of the plaintiff, entered in the office of the clerk of said court on the 24th day of June, 1921.

The decision of the Municipal Court contained a provision that the defendants are subject to arrest and imprisonment, and the clerk was directed to enter judgment accordingly.

*Banton, Ferguson & Moore [Leslie C. Ferguson* of counsel; *John L. Sheppard* with him on the brief], for the appellants.

*Felix Antonacchio,* for the respondent.

GREENBAUM, J.:

The complaint alleges that on or about January 20, 1921, in consideration of the payment of $300 to the defendant corporation, the latter would give an option on 100,000 Italian lire to plaintiff, to be exercised at any time within six months from the date of such option at a rate of one and one-half cents per Italian lire in excess of the market price at which it was then selling, to wit, three and one-half cents per lire. In other words, it is alleged that, whenever during the six months the lire was selling in the market at five cents or more per lire, the defendant corporation would sell the 100,000 lire upon the call of plaintiff, and the profit realized over and above five cents per lire would be paid over to him, in addition to the sum of the $300 paid on account of said option.

The complaint further alleges that on or about May 17, 1921, the Italian lire was selling at the rate of five and sixty-one one-hundredths cents per lire, and that thereupon the plaintiff called upon the defendant corporation to sell the 100,000 lire for the account of the plaintiff at five and one-half cents per lire; that defendants thereupon made a sale in accordance with the plaintiff's instructions, and thereafter tendered to the plaintiff the sum of $550, being the difference between the selling and the option prices, but refused to pay the plaintiff an additional sum of $300, the amount paid for the option.

The complaint also attempts, but unsuccessfully, to allege fraud on the part of the corporation and the defendant Pothoff, the vice-president of the defendant corporation, with whom the negotiations were had leading up to the contract, in that Pothoff had "represented" to the plaintiff that, if plaintiff exercised his option, he would be entitled to a return of the $300 plus the profits over five cents per lire.

Defendants, in their answers and upon the trial, denied that they agreed to repay the $300 in the event the plaintiff exercised his option, or in any event.

We may dispose of the element of fraud injected into the con-

troversy by stating that the evidence falls far short of proof of legal fraud. The so-called " representation " of Pothoff, which he denied, merely involves a disputed question of fact as to whether the agreement contemplated the return of the $300 paid on the option.

Besides, it may be said that there is no allegation in the complaint for rescission and a demand for the return of the $300. On the contrary, the action is brought for the profits to which plaintiff was entitled under the contract.

The judgment against the individual Pothoff can only be sustained upon the theory of fraud, in that plaintiff entered into the contract upon fraudulent representations made by Pothoff. Fraud not having been established, the judgment against him must fall, as must also the direction in the judgment that the defendants are liable to arrest and imprisonment.

The only remaining question is whether the plaintiff was entitled to recover $850, i. e., the $300 paid upon the option plus the profit of $550. We are of the opinion that the testimony does not satisfactorily show the defendant was to repay the $300. The agreement to pay a fixed sum on an option presupposes that it was paid as the consideration for giving the option.

The determination of the Appellate Term should be reversed as to defendant Pothoff, and the complaint against him should be dismissed, with costs and disbursements in all courts; and as to the defendant corporation, the judgment should be reversed and a new trial ordered, with costs to said appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to $550, in which event the judgment against the defendant Consolidated Foreign Exchange Corporation should be affirmed as modified, without costs to either party.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Determination reversed as to defendant Pothoff and complaint against him dismissed, with costs and disbursements in all courts; as to defendant corporation judgment reversed and a new trial ordered, with costs to appellant to abide the event, unless plaintiff stipulates to reduce judgment to $550, in which event judgment against the defendant corporation will be affirmed as modified, without costs to either party. Settle order on notice.